IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRITTANIA-U NIGERIA LIMITED, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:16-cv-1457 |
| CHEVRON U.S.A. INC., ALI MOSHIRI, and MONCEF ATTIA, | § § § § | |
| Defendants. | § § | |

## NOTICE OF REMOVAL OF DEFENDANT CHEVRON U.S.A. INC.

Defendant Chevron U.S.A. Inc. ("CUSA") hereby removes this action pursuant to 9 U.S.C. § 205 and 28 U.S.C. §§ 1332, 1441, and 1446 from the District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, and respectfully states to this Court as follows:

1. On or about May 18, 2016, Plaintiff Brittania-U Nigeria Limited ("Brittania-U") filed a civil action in the District Court of Harris County, Texas, bearing the Cause Number 2016-32602, against CUSA. *See* Ex. B., Pl's Orig. Pet.

2. For the reasons described below, this Court has jurisdiction over the action pursuant to (i) 9 U.S.C. § 205 because the action relates to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards and (ii) 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy claimed by Brittania-U exceeds $75,000.

**I.    CUSA has satisfied the procedural requirements for removal.**

3. This notice of removal is timely because Brittania-U filed its petition on May 18, 2016 and therefore the thirty-day time period for filing a notice of removal has not run.

Active 25720989

*See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.").

      4.      CUSA is filing written notice of this removal with the clerk of the state court in which the action is currently pending. *See* 28 U.S.C. § 1446(d). Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon Brittania-U. *Id*.

      5.      The United States District Court for the Southern District of Texas, Houston Division, embraces the county in which the state court action is now pending. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 124(b)(1), 1441(a), and 1446(a).

      6.      Pursuant to Southern District of Texas Local Rule 81, this Notice of Removal is accompanied by the following:

    (i)    All executed process in the case (Exhibit A) (none);

    (ii)    Pleadings asserting causes of action, e.g., petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings (Exhibit B);

    (iii)    All orders signed by the State Judge (Exhibit C) (none);

    (iv)    The docket sheet (Exhibit D);

    (v)    An index of matters being filed (Exhibit E); and

    (vi)    A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit F).

**II.     The Court has subject matter jurisdiction over this case pursuant to §§ 203, 205.**

7.     This Court has subject matter jurisdiction over the action pursuant to 9 U.S.C. §§ 203, 205 because the action relates to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.  *See* 9 U.S.C. § 203 ("An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."); 9 U.S.C. § 205 ("Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.").

8.     Brittania-U's claim against CUSA is related to the bidding process for the sale of CUSA's participating interest in three Oil Mining Leases.  *See* Ex. B., Pl.'s Orig. Pet. ¶¶ 4.1–4.5; 5.1–5.3.  The Petition specifically references "the terms of the bidding process" (the "Bid Procedures") and a Confidentiality Agreement entered into as part of the bidding process.  *See* Ex. B., Pl.'s Pet. ¶¶ 4.3–4.4.

9.     Brittania-U followed and accepted the Bid Procedures and also executed the Confidentiality Agreement.  *See* Ex. B., Pl.'s Orig. Pet. ¶ 4.2.

10.    Section 9.3 of the Confidentiality Agreement contains an arbitration provision which provides:

> "If the dispute is not resolved pursuant to direct negotiations . . . then the dispute shall be finally resolved by binding arbitration and either Party may initiate such arbitration by giving notice to the other Party.  The arbitration shall be conducted in accordance with the United Nations Commission on International Trade Law

('UNCITRAL') Arbitration Rules, except to the extent of conflicts between the UNCITRAL Arbitration Rules and the provisions of this Agreement, in which event the provisions of this Agreement prevail. The International Centre for Dispute Resolution (in the case of disputes involving one or more non-U.S. parties) or the American Arbitration Association (in the case of disputes involving all U.S. parties) is the appointing authority. The place of arbitration shall be London, England."

11. The Bid Procedures references and incorporates the Confidentiality Agreement, and provides that the "[u]se of this document is governed by the terms of the confidentiality agreement previously executed by the Recipients (the "Confidentiality Agreement"), which among other things, limits the circulation and disclosure of the information contained herein."

12. Because the terms of the Confidentiality Agreement govern the Bid Procedures, the Confidentiality Agreement's arbitration provision applies equally to the Bid Procedures and therefore the bidding process that is the subject of Brittania-U's claims.

13. Pursuant to § 205's "broad" removal provision, "whenever an arbitration agreement falling under the Convention could conceivably affect the outcome of the plaintiff's case, the agreement 'relates to' to the plaintiff's suit." *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002). Moreover, this removal provision is so broad that a "district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case." *Id.*

14. Brittania-U's claim is directly related to the bidding process, the terms of which are outlined in the Bid Procedures. The Bid Procedures and the Confidentiality Agreement concern a commercial transaction involving oil mining leases located in a foreign

country. *See* 9 U.S.C. § 202. The arbitration provision in § 9.3 of the Confidentiality Agreement therefore falls within the Federal Arbitration Act, 9 U.S.C. § 201 *et seq.*, and requires arbitration of Brittania-U's claim. Because the arbitration provision provides a defense to this lawsuit, this case is removable pursuant to the § 205's broad removal provision.

**III.    The Court has subject matter jurisdiction over this case pursuant to § 1332.**

15.     This Court also has subject matter jurisdiction over this lawsuit on the basis of diversity jurisdiction because the amount in controversy claimed by Brittania-U exceeds $75,000 and the lawsuit involves "citizens of a State and citizens or subjects of a foreign state." *See* 28 U.S.C. § 1332(a)(2).

16.     Plaintiff Brittania-U is a Nigerian company whose principal place of business is in Nigeria. Ex. B, Pl.'s Orig. Pet. at 1. Brittania-U is therefore a citizen of Nigeria, a foreign state.

17.     Defendant CUSA is a Pennsylvania corporation whose principal place of business is in California. Therefore, CUSA is a citizen of both Pennsylvania and California.

18.     Defendants Ali Moshiri and Moncef Attia are both alleged to be citizens of Texas. However, removal is still proper pursuant to 28 U.S.C. § 1441(b)(2) because Defendants Moshiri and Attia have not yet been served. *See Reynolds v. Pers. Representative of the Estate of Johnson*, 139 F. Supp. 3d 838 (W.D. Tex. 2015); *Breitweiser v. Chesapeake Energy Corp.*, No. 3:15-CV-2043-B, 2015 WL 6322625, at *7 (N.D. Tex. Oct. 20, 2015). Pursuant to 28 U.S.C. § 1441(b), removal is available if "none of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).

19.     Complete diversity of citizenship existed both at the time this lawsuit was filed and at the time of removal. Joinder of Moshiri and Attia in this Notice is not required as

neither has been served.  *See Petri v. Peregrine Oil & Gas*, LP, No. CIV.A. H-09-3994, 2010 WL 2991124, at *3 (S.D. Tex. July 26, 2010) (citing *Jones v. Houston ISD*, 979 F.2d 1004, 1007 (5th Cir.1992)).

20.     Brittania-U's petition states that it is seeking "monetary relief over $1,000,000.00."  Ex. B, Pl.'s Orig. Pet. at 7.  Therefore, the amount in controversy claimed by Brittania-U exceeds $75,000.

WHEREFORE, Defendant CUSA respectfully removes this action from the 11th Judicial District Court of Harris County, Texas, bearing cause number 2016-32602, to this Court, pursuant to 9 U.S.C. § 205 and 28 U.S.C. §§ 1332, 1441, and 1446.

        Respectfully submitted,

        */s/ Michael S. Goldberg*
        Michael S. Goldberg
        Texas Bar No. 08075800
        Southern District of Texas No. 01279
        BAKER BOTTS L.L.P.
        One Shell Plaza
        910 Louisiana Street
        Houston, Texas 77002-4995
        Telephone: 713.229.1401
        Facsimile:  713.229.2801
        michael.goldberg@bakerbotts.com

        ATTORNEY FOR DEFENDANT
        CHEVRON U.S.A. INC.

OF COUNSEL:

Kevin T. Jacobs
Texas Bar No. 24012893
Southern District of Texas No. 26665
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: 713.229.1947
Facsimile:  713.229.7847
kevin.jacobs@bakerbotts.com

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was sent to counsel of record by Federal Express on this 24th day of May, 2016 as follows:

    Randall O. Sorrels
    Brian S. Humphrey II
    800 Commerce Street
    Houston, Texas 77002

        */s/ Kevin Jacobs*
        Kevin T. Jacobs