# EXHIBIT A

# Exhibit A

All executed process in the case (None)

# EXHIBIT B

5/18/2016 12:51:14 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10696024
By: Ariana Garibay
Filed: 5/18/2016 12:51:14 PM

CAUSE NO. _____

| | | |
|---|---|---|
| BRITTANIA-U NIGERIA LIMITED | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| CHEVRON U.S.A., INC.; | § | |
| ALI MOSHIRI; and | § | |
| MONCEF ATTIA | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND
## REQUEST FOR DISCLOSURE

Plaintiff Brittania-U Nigeria Limited ("Plaintiff" or "Brittania-U") files this original petition complaining of Defendants Chevron U.S.A., Inc. ("Chevron"), Ali Moshiri, and Moncef Attia, and would show as follows:

### I. DISCOVERY

1.1     Pursuant to Rule 190, Plaintiff intends that discovery be conducted under Level 3 and requests that a discovery control plan be entered by the Court.

1.2     Pursuant to Rule 194, each Defendant is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

### II. PARTIES

2.1     Plaintiff Brittania-U Nigeria Limited ("Plaintiff" or "Brittania-U") is a Nigerian private company limited by shares whose principal place of business is in Nigeria.

2.2     Defendant Chevron U.S.A., Inc. ("Chevron") is a Pennsylvania corporation doing business in the State of Texas whose principal office in this state is in Harris County, Texas. It may be served with citation by personal delivery to its registered agent, Prentice-Hall Corp. System, Inc., at its registered office, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

2.3     Defendant Ali Moshiri is an individual residing in Harris County, Texas. He may be served with citation by personal delivery at his regular place of business, 1400 Smith Street, #3600, Houston, Texas 77002, or wherever he may be found.

Certified Document Number: 70300415 - Page 1 of 8

2.4    Defendant Moncef Attia is an individual residing in Harris County, Texas. He may be served with citation by personal delivery at his usual place of business, Pennzoil Place, South Tower, 711 Louisiana, Suite 1400, Houston, Texas 77002.

## III. Jurisdiction and Venue

### Subject Matter Jurisdiction

3.1    This Court has subject-matter jurisdiction over this case under its general jurisdiction as conferred by the Texas Constitution and because no other court has exclusive jurisdiction over this case.

### Personal Jurisdiction

3.2    This Court has personal jurisdiction over Defendants Ali Moshiri and Moncef Attia because each is a resident of the State of Texas and because each will have been personally served with process in the State of Texas.

3.3    This Court has specific personal jurisdiction over Defendant Chevron because it has purposefully availed itself of the laws and protections of Texas in multiple respects: The communications that form the basis of this case were sent by Chevron from Texas or were communicated in person at a meeting in Texas. As described below, Chevron fraudulently induced Plaintiff's officers to incur expenses travelling to Texas for a meeting in Houston. Chevron maintains one of its principal offices in Houston, which is the office its principal decision-makers involved in the transaction at issue, including Ali Moshiri.

3.4    This Court has general personal jurisdiction over Defendant Chevron because it has continuous and systematic contacts in Texas. Chevron maintains a principal office in Houston at which its key decision-makers conduct actual direction, control, and coordination of the corporation.

### Venue

3.5    Venue is proper in Harris County under Tex. Civ. Prac. & Rem. Code § 15.002(1) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Harris County, under § 15.002(2) because Defendants Moshiri and Attia are residents of Harris County, and under § 15.002(3) because the principal offices in Texas of Defendants Chevron and BNP are in Harris County.

## IV. Facts

4.1     In 2013, Chevron Nigeria Limited ("Chevron Nigeria"), an affiliate of Chevron U.S.A., Inc. (referred to collectively as "Chevron"), with its agent, BNP Paribas Securities Corp. ("BNP Paribas"), opened a bidding process for the sale of Chevron Nigeria's participating interest in three Oil Mining Leases ("OMLs") in Nigeria, OMLs 52, 53, and 55 (collectively, "the OMLs").

4.2     On June 13, 2013, Defendant Moncef Attia, then an employee of BNP Paribas, invited Brittania-U to participate in the process through an email sent to Brittania-U's president, Uju Ifejika. The email included an "Opportunity Overview" outlining the bid process and invited Brittania-U to execute a confidentiality agreement and receive an information memorandum and a bid procedure letter.

4.3     After executing and submitting the confidentiality agreement on June 14, Attia sent Brittania-U the information memorandum and a "Stage I Bid Pr. In Stage I, prospective buyers, upon executing a confidentiality agreement, were provided with an "Information Memorandum" and were invited to submit "Indicative Offers" on the OMLs. A limited number of participants who submitted Indicative Offers were to be invited to participate in Stage II, in which the selected participants were invited to conduct in-depth due diligence and to submit "final and firm Binding Offers."

4.4     Under the terms of the bidding process, the deadline for providing an "Indicative Offer" was July 29, 2013.

4.5     Relying on Defendants' representations that the process would be fair, impartial, and transparent, Brittania-U participated in Stage I of the bidding process, spending time and money preparing its bid and forgoing other business opportunities. On July 29, 2013, Brittania-U timely submitted an Indicative Offer to purchase Chevron's interest in the OMLs for $1.2 billion.

4.6     Brittania-U was then invited to participate in Stage II of the bidding process, and provided a Stage II Bid Procedures letter. As part of the Stage II process, Brittania-U was invited to perform in-depth due diligence, to visit Houston to view a management presentation by Chevron and visit the physical data room, and invited to submit a "Binding Offer" by physical delivery to Chevron in Houston. The letter required that the Binding Offer include a letter of credit to cover 15% of the proposed purchase price. If a Binding Offer was a consortium bid, then the parties involved in the consortium had to be set by the bid deadline and disclosed in the Binding Offer.

Certified Document Number: 7030041 5 - Page 3 of 8

4.7    Again relying on Defendants' representations that the process would be fair, impartial, and transparent, Brittania-U participated in Stage II of the bidding process, spending a great deal of time and money and further forgoing other business opportunities to conduct its due diligence, secure the required letters of credit, and prepare its Binding Offer.

4.8    On September 30, 2013, Brittania-U submitted a Binding Offer of $1,666,666,000 to purchase Chevron's interest in all three OMLs, which included the required letter of credit and supporting documentation from banks indicating their willingness and ability to finance the bid.

4.9    After the Binding Offers were submitted, Brittania-U and other participants were informed by Chevron that Brittania-U was the high bidder for the OMLs.

4.10    During October, however, Defendants began to show favoritism toward the much lower offer submitted by a consortium of other participants, Seplat Petroleum Development Company Limited and Amni International Petroleum Development Limited, as well as a partial bid submitted by a third, uninvited participant, Belema Oil Producing Limited. For example, Defendants began to complain of minor, or even invented, defects in Brittania-U's financing documents, while bending over backwards to help Seplat, Amni, and Belema with their bid. Additionally, Defendants suggested that Seplat, Amni, and Belema form a consortium, after the deadline set forth in the Stage II Bid Procedures letter, to assist in their bid.

4.11    In particular, Attia, supposedly serving the interests of Chevron and its shareholders as part of BNP, strenuously advocated for Seplat's bid. Seplat was a client of BNP, and Attia placed Seplat's interests over Chevron's.

4.12    In late October, Defendants reached a deal to sell the OMLs to the Seplat consortium, despite the much higher bid submitted by Brittania-U.

4.13    Even after reaching this deal, Defendants strung Brittania-U along, continuing to request amendments to Brittania-U's bid and to its letters of credit, promising that Brittania-U would receive the OMLs if it did so.

4.14    On November 8, 2013, Moshiri invited Brittania-U to a meeting in Houston to allow Brittania-U to cure the supposed defects in its bid, again promising that Brittania-U would be awarded the OMLs. Moshiri made this invitation even while, unbeknownst to Brittania-U, Chevron was moving forward with finalizing the sale of the OMLs to the Seplat consortium.

Certified Document Number: 70300415 - Page 4 of 8

4.15    At the meeting in Houston, which took place on November 14, 2013, Brittania-U and Chevron, represented by Moshiri, agreed that Brittania-U would be awarded the OMLs and that a final purchase agreement would be entered into if Brittania-U corrected the claimed deficiencies in its letters of credit. Moshiri and Chevron entered this agreement with Brittania-U despite the fact that they were already finalizing their deal with Seplat and had no intention of honoring this agreement.

4.16    Relying on Defendants' representations and the November 14 agreement, Brittania-U expended further time and money obtaining revised letters of credit.

4.17    In late November, 2013, Chevron caused Chevron Nigeria Limited to execute a final purchase agreement with the Seplat consortium.

4.18    Throughout the process, Brittania-U participated in the process at great expense with confidence that it would win the bid and obtain the OMLs. This confidence would have been well-placed, had Defendants' fulfilled their representations that the process would be fair and transparent and that all parties would play by the same rules.

4.19    Instead, because the process was rigged against Brittania-U from the start, Brittania-U's time and money was wasted, and Brittania-U missed out on other lucrative business opportunities that it could have pursued had it never been induced to participate in the corrupt bidding process.

4.20    In January 2016, Chevron caused Chevron Nigeria to transfer the OMLs to the consortium of Seplat, Amni, and Belema.

## V. Causes of Action

### *Count 1—Fraud—All Defendants*

5.1    As described above, Defendants falsely represented to Plaintiff that the bidding process would be fair, transparent, and impartial. Defendants made this misrepresentation with the intent to induce Plaintiff to participate in the process and bid on the OMLs.

5.2    Additionally, in early and mid-November 2013, Defendants continued to falsely represent to Plaintiff that Plaintiff would be awarded the OMLs if it worked with Defendants to amend its bid and its letters of credit, even though Defendants had already decided to sell to Seplat.

Certified Document Number: 70300415 - Page 5 of 8

5.3     Plaintiff justifiably relied on Defendants' misrepresentations in spending time and money conducting due diligence, travelling to Houston, securing and servicing letters of credit, and foregoing other profitable business opportunities.

*Count 2—Tortious Interference in Prospective Business Relations—Attia*

5.4     As an agent of Chevron, Attia owed a fiduciary duty to Chevron with regard to the bidding process.

5.5     Attia intentionally interfered in the prospective contract between Chevron and Brittania-U by convincing Chevron to instead sell to BNP's client, Seplat.

5.6     Attia's interference was independently tortious because it constituted self-dealing in breach of Attia's and BNP's fiduciary duties to Chevron. By placing BNP's and Attia's interests above Chevron's by favoring the much lower bid of BNP's client, Seplat, over Brittania-U's much more favorable bid, Attia acted with complete disregard for the interests of his principal, Chevron.

5.7     Attia's interference proximately caused Chevron ultimately to sell the OMLs to the Seplat consortium instead of Brittania-U, costing Brittania-U the profits that would have been realized from the deal.

# VI. DAMAGES

6.1     As a result of Defendants' conduct as described above Plaintiff suffered damages including:

> 1.     Profits that would have been realized had Plaintiff been awarded the OMLs;
>
> 2.     Profits from other lost business opportunities that would have been pursued had Plaintiff not participated in the bidding process in the first place or engaged in its extended negotiations with Chevron even after Chevron had decided to sell to Seplat;
>
> 3.     Expenses incurred by Brittania-U from its participation in the bidding process, including but not limited to travel expenses and fees for consultants and other vendors paid to perform due diligence;
>
> 4.     The reasonable value of the time spent by Brittania-U's officers and employees in participating in the bidding process; and

Certified Document Number: 70300415 - Page 6 of 8

5.      Harm to Brittania-U's business reputation as a result of the process, including business opportunities lost due to a lack of confidence by other parties in Brittania-U's financial solvency.

6.2    In addition, each Defendant acted with malice and with intent to defraud in its conduct as described above. Plaintiff requests that exemplary damages be assessed against each Defendant.

6.3    The amount of damages that would fairly and reasonably compensate Plaintiff for its damages is to be properly determined by a jury after consideration of all of the evidence presented at trial. However, in satisfaction of the requirements imposed by Rule 47(c), Plaintiff states that it seeks monetary relief over $1,000,000.00. As stated in the comment to the 2013 amendment to Rule 47, this statement is made solely for the purpose of providing information on the nature of this case, does not affect Plaintiff's substantive rights, and is made subject to Plaintiff's right to amend.

## VII. Preservation of Evidence

7.1    Plaintiff hereby requests and demands that each Defendant and his or its agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to statements, photographs, videotapes, audiotapes, recordings, business or medical records, bills, estimates, invoices, checks, measurements, equipment, vehicles, correspondence, memoranda, files, facsimiles, email, voice-mail, text messages, or cellular telephone records. Failure to maintain such items will constitute "spoliation" of the evidence and may subject each Defendant to sanctions.

## VIII. Conditions Precedent

8.1    Plaintiff generally avers that all conditions precedent to its recovery have occurred or have been fulfilled.

## IX. Prayer

9.1    For the reasons stated above, Plaintiff Brittania-U Nigeria Limited respectfully requests that Defendants Chevron U.S.A, Inc., Ali Moshiri, and Moncef Attia be cited to appear and answer herein, and that Plaintiff have and recover from Defendants its actual damages, exemplary damages, prejudgment interest, post-judgment interests,

costs of Court, and such other and further relief, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

**ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & FRIEND**

*/S/ Brian S. Humphrey*
Randall O. Sorrels
Texas Bar No. 18855350
Brian S. Humphrey II
Texas Bar No. 24074456
800 Commerce Street
Houston, Texas 77002
(713) 222-7211
(713) 225-0827 (Fax)
rsorrels@abrahamwatkins.com
bhumphrey@abrahamwatkins.com

*Attorneys for Plaintiff*



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   May 23, 2016

Certified Document Number:        70300415 Total Pages:  8

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# EXHIBIT C

# Exhibit C

All orders signed by the State Judge (None)

# EXHIBIT D

**Harris County Docket Sheet**

# 2016-32602

**COURT:** 011th

**FILED DATE:** 5/18/2016

**CASE TYPE:** Debt/Contract - Fraud/Misrepresentation



---

### BRITTANIA-U NIGERIA LIMITED

**Attorney: HUMPHREY, BRIAN**

**vs.**

### CHEVRON USA INC

---

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |

# EXHIBIT E

# Exhibit E

Pursuant to Southern District of Texas Local Rule 81, this Notice of Removal is accompanied by the following:

(i).    All executed process in the case (Exhibit A) (none);

(ii).   Pleadings asserting causes of action, e.g., petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings (Exhibit B);

(iii).  All orders signed by the State Judge (Exhibit C) (none);

(iv).   The docket sheet (Exhibit D);

(v).    An index of matters being filed (Exhibit E); and

(vi).   A list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit F).

# EXHIBIT F

# Exhibit F

**Counsel**

Counsel for Plaintiff Brittania-U Nigeria Limited:

Randall O. Sorrels
State Bar. No. 18855350
Brian S. Humphrey II
State Bar No. 24074456
Abraham, Watkins, Nichols, Sorrels, Agosto & Friend
800 Commerce Street
Houston, Texas 77002
(713) 222-7211 phone
(713) 22500827 (Fax)
rsorrels@abrahamwatkins.com
bhumphrey@abrahamwatkins.com


Counsel for Defendant Chevron U.S.A., Inc.:

Michael S. Goldberg
Texas Bar No. 08075800
Southern District of Texas No. 01279
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: 713.229.1401
Facsimile:  713.229.2801
michael.goldberg@bakerbotts.com

*and Of Counsel*

Kevin Jacobs
Texas Bar No. 24012893
Southern District of Texas No. 26665
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: 713.229.1947
Facsimile:  713.229.7847
kevin.jacobs@bakerbotts.com

Counsel for Defendant Ali Moshiri:

Unknown at this time

Counsel for Defendant Moncef Attia:

Unknown at this time