United States District Court
Southern District of Texas
**ENTERED**
September 14, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRITTANIA-U NIGERIA LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-16-1457 |
| | § | |
| CHEVRON U.S.A, INC, ALI MOSHIRI and MONCEF ATTIA, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

Britannia-U has moved for an amendment to the dismissal-without-prejudice order to one staying the case pending the arbitration. (Document Entry No. 38). In *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161 (5th Cir. 1992), the Fifth Circuit acknowledged that the Federal Arbitration Act states that the "court shall stay the trial of the action until the arbitration is complete," but held that this rule was not intended to limit dismissal of a case in the proper circumstance. *Id.* at 1164. The Fifth Circuit held that "[t]he weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." *Id.* (emphasis in original). That is true here as well. In this case, as in *Alford*, "retaining jurisdiction and staying the action will serve no purpose." *Id.* (quoting *Sea-Land Serv. v. Sea-Land of Puerto Rico*, 636 F.Supp. 750, 757 (D.P.R. 1986)).

A stay is not required. *See Apache Bohai Corp. v. Texacho China*, 330 F.3d 307, 311 & n.9 (5th Cir. 2003). It is well within this court's discretion to dismiss rather than stay the action. This circuit counsels district courts to follow this practice. *See Fedmet Corp v. M/V Buyalyk*, 194 F.3d

674, 676 (5th Cir. 1999). The court denies Britannia-U Nigeria Limited's motion to amend the order of dismissal. (Docket Entry No. 38).

      SIGNED on September 14, 2016, at Houston, Texas.

                                          Lee H. Rosenthal
                                       United States District Judge